IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Junior Williams, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>F.L. Sims, )<br>    Defendant. ) | 1:20cv1069 (AJT/JFA) |

## MEMORANDUM OPINION & ORDER

Junior Williams, a former inmate at Greensville Correctional Center (GCC), has brought a civil-rights suit under 42 U.S.C. § 1983, claiming that Lieutenant F. L. Sims applied excessive force in violation of his Eighth Amendment rights. [Dkt. No. 1]. Williams moves to amend her answer to the complaint to add the affirmative defense of failure to exhaust administrative remedies and, invoking that defense, moves for summary judgment. [Dkt. Nos. 30–31]. Sims has provided Williams, a *pro se* litigant, with the notice required by Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), [Dkt. No. 33], and Williams has filed nothing in response. Because the undisputed evidence demonstrates that Williams failed to exhaust his administrative remedies, the Court will grant both motions.

### I. Background & Procedural History

In the verified complaint Williams alleges that on the evening of July 11, 2020, he was washing up in his cell because he had been sweating from the heat. Meanwhile, he avers, Lieutenant Sims approached his cell while doing rounds; placed her hand through Williams's cell slot; and grabbed his penis (cutting the head of his penis with her fingernails), and he endured soreness and swelling for days.

Williams submitted an informal complaint the next day, on July 12, 2020. In the response dated August 13, 2020, Williams was told that "[t]his matter has been given to Intel for investigation purposes." [Dkt. No. 1, at p. 7]. Afterwards, Williams avers, he filed another grievance and did not get a response.

On August 27, 2020, two weeks after he received the response to the informal complaint, Williams executed the complaint to file suit against Lieutenant Sims. [Dkt. No. 1]. Sims appeared in this action on July 15, 2021, and filed an answer denying the allegations and reserving the right to amend the answer. [Dkt. Nos. 27–28]. On October 22, 2021, Sims filed the motion to amend her answer that is now before the Court, seeking to add the affirmative defense of failure to exhaust administrative remedies. [Dkt. No. 30].

That same day she also filed a motion for summary judgment based on that affirmative defense. [Dkt. No. 31]. She has submitted into the record the Virginia Department of Corrections (VDOC) Operating Procedure (OP) controlling prisoner grievances, VDOC OP 866.1. [Phillips Aff. Enc. A]. OP 866.1 typically requires inmates to submit a regular grievance within thirty calendar days from the date of the incident being grieved. OP 866.1(VI)(A)(1). This 30-day deadline does not apply, however, to allegations of sexual abuse. *See* OP 866.1(VI)(A)(1)(c). An inmate completes the VDOC's administrative process for grieving issues "only when the Regular Grievance has been appealed through the highest eligible level without satisfactory resolution of the issue." OP 866.1(IV)(O)(2)(a). There are three levels of review available for a regular grievance. OP 866.1(VI)(C).

Sims also has submitted an affidavit authored by Kelly Phillips, GCC's Institutional Ombudsman, who is responsible for monitoring compliance with the grievance system. [Phillips Aff. ¶ 1; OP 866.1(IV)(B)]. Enclosed with the affidavit are pertinent VDOC grievance records.

[Phillips Aff. Enc. B]. A regular grievance dated August 26, 2020, was received from Williams on September 2, 2020. [*Id.*]. The Level I response dated September 17, 2020, explains that the grievance would be investigated in accordance with OP 038.3, which governs PREA allegations, and that Williams would receive a written notice about the PREA allegations when that investigation is completed. [*Id.*]. Ultimately, the Level I response found the regular grievance unsubstantiated "due to the fact that the investigation in to [sic] [Williams's] claims continue with the Investigative Unit." [*Id.*]. Phillips attests that Williams could have appealed this response for Level II review, but he did not. [Phillips Aff. ¶ 9]. Phillips further attests that the "[i]nvestigation of a PREA complaint is not part of the grievance process" that would qualify to exhaust administrative remedies. [*Id.* ¶ 10].

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

## III. Analysis

Sims argues that she is entitled to summary judgment in her favor because the undisputed evidence demonstrates that Williams failed to exhaust his administrative remedies. In particular, she asserts that Williams' failure to appeal the Level I review is dispositive and cannot be substituted by the contemporaneous PREA investigation.

3

The Court agrees. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before initiating a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). This requirement mandates "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006). The VDOC considers an issue to be fully exhausted "only when the Regular Grievance has been appealed through the highest eligible level without satisfactory resolution of the issue." OP 866.1(IV)(O)(2)(a). Here, because Williams did not appeal the Level I grievance response, he did not exhaust the VDOC's administrative remedies.

Moreover, the existence of the PREA investigation did not act as a substitute for Williams to exhaust his administrative remedies according to VDOC OP 866.1. *See Cooper v. Barksdale*, No. 7:15cv522, 2016 WL 5231827, at *6 (W.D. Va. Sept. 20, 2016) ("OP 866.1 does not provide for inmates to substitute a PREA telephone report in place of an informal complaint or a regular grievance"); *Barringer v. Stanley*, No. 5:16cv17, 2017 WL 1028595, at *3 (W.D.N.C. Mar. 16, 2017) (holding that when plaintiff's grievance was forwarded to prison's PREA official for investigation, that did not qualify as exhaustion because "PREA complaints are not prison grievances for purposes of satisfying the administrative remedies requirement under the PLRA"). The PLRA requires inmates to exhaust "such administrative remedies as are *available*." 42 U.S.C. § 1997e(a) (emphasis added). And even assuming *arguendo* that Williams misunderstood his exhaustion obligations during the concurrent PREA investigation, that mistake would not make administrative remedies unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 641–42 (2016); *see also Graham v. Cnty. of Gloucester*, 668 F. Supp. 2d 734, 741 (E.D. Va. 2009) (concluding that to exhaust, inmate must complete grievance process even if satisfied with

4

relief provided during early stage). Therefore, Sims is entitled to summary judgment on the ground the Williams failed to exhaust his administrative remedies.

Accordingly, it is hereby

**ORDERED** that defendant's motion to amend answer [Dkt. No. 30] be and is **GRANTED**; and it is further

**ORDERED** that defendant's motion for summary judgment [Dkt. No. 31] be and is **GRANTED**; and it is further

**ORDERED** that this civil action be and is **DISMISSED WITHOUT PREJUDICE.**

To appeal this decision, plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is **DIRECTED** to send a copy of this Order to plaintiff and counsel of record for defendant, and to close this civil action.

Entered this 9th day of September, 2022

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge